IN THE DISTRICT COURT OF WAGONER COUNTY
STATE OF OKLAHOMA

OCT - 4 2012
RHONDA L. VINCENT
COURT CLERK

| | |
|---|---|
| GERALD BURCH, an individual, | Case No: CJ-2012-475 |
| Plaintiff, | |
| vs. | Judge |
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a foreign corporation | JURY TRIAL DEMANDED |
| | ATTORNEY LIEN CLAIMED |
| Defendant. | |

## PETITION

COMES NOW, Plaintiff, Gerald Burch, through his counsel of record, Savage O'Donnell Affeldt Weintraub & Johnson, for his cause of action against Metropolitan Property and Casualty Insurance Company, alleges and states as follows:

1. Plaintiff is a citizen and resident of Oklahoma.

2. Defendant Metropolitan Property and Casualty Insurance Company ("MetLife") is a foreign insurance company doing business in the State of Oklahoma.

3. This Court has jurisdiction over the subject matter and the parties hereto.

4. Venue is proper in this Court as the site of the automobile accident giving rise to damages took place in Wagoner County.

### UNDER-INSURED MOTORIST

5. On October 18, 2010, Defendant MetLife issued Oklahoma Auto Insurance Policy No. 1778396730 to Plaintiff Gerald Burch, which included coverage for under-insured motorists. The policy was in effect on March 13, 2011.

6. On March 13, 2011, due to the negligent drunk driving of a third-party, Chauncey Penney, Plaintiff Burch suffered significant personal injuries and damages.

7. Chauncey Penney was an under-insured motorist under Oklahoma law.

EXHIBIT "2"

Served: 10/11/12
10-31-12
DOCKETED 11-20-12

8. Payment of the $25,000 policy limits of the under-insured motorist coverage is due and owing to Gerald Burch.

WHEREFORE, Plaintiffs pray for judgment against the Defendant for $25,000.00, the limits of the under-insured motorist policy, for a reasonable attorney fee and for such other relief as may be appropriate.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff re-alleges all previous allegations and further alleges and states:

9. Plaintiff Gerald Burch underwent medical treatment stemming from the above-referenced automobile accident.

10. Subsequent to treatment, Gerald Burch presented his medical bills and records and timely and properly made a claim to Defendant.

11. MetLife improperly evaluated Gerald Burch's claim within the policy limits of the third-party tortfeasor.

12. In its handling of Gerald Burch's claim, and as a matter of routine business practice in handling like claims under these policies, Defendant breached its duty to deal fairly and act in good faith towards Gerald Burch by:

   a. Failing and refusing payment on behalf of Gerald Burch at a time when Defendant knew or should have known that he was entitled to those benefits;

   b. Failing to properly investigate Gerald Burch's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

   c. Withholding payment of the benefits on behalf of Gerald Burch, knowing that his claims for those benefits were valid;

   d. Refusing to honor Gerald Burch's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

   f. Refusing to honor Gerald Burch's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

   g. Failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Gerald Burch's claims;

    h.    Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Gerald Burch's claims;

    i.    Failing to properly evaluate the claim presented to it by Gerald Burch;

    j.    Failing to properly evaluate any investigation that was performed; and

    k.    Ignoring facts pertinent to Gerald Burch in an attempt to reach an unreasonably low evaluation of his claim,

all in violation of the covenant of good faith and fair dealing and resulting in a financial benefit to the Defendant.

13. As a proximate result of the Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff Gerald Burch has suffered anxiety, frustration, mental and emotional distress, financial hardship, attorney expenses and other incidental damages.

14. Defendant has acted intentionally and with malice toward Plaintiff and others or has been guilty of reckless disregard for the rights of Plaintiff Gerald Burch, entitling Plaintiff to punitive damages.

WHREFORE, Plaintiff prays for judgment against the Defendant in an amount in excess of $75,000.00 actual damages and an amount in excess of $75,000.00 punitive damages with interest and costs of this action, for a reasonable attorney fee and for such other relief as may be appropriate.

Respectfully submitted,

Adam Scott Weintraub, OBA #13209
Terry S. O'Donnell, OBA #13110
Joshua A. Cline, OBA #30047
Savage O'Donnell Affeldt Weintraub & Johnson
110 West 7th, Suite 1010
Tulsa, OK 74119
918-582-0582
918-587-8925 (facsimile)